SUSAN S. MUCK (CSB NO. 126930)
smuck@fenwick.com
JENNIFER BRETAN (CSB NO. 233475)
jbretan@fenwick.com
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:      (415) 281-1350

JAY L. POMERANTZ (CSB NO. 209869)
jpomerantz@fenwick.com
FELIX S. LEE (CSB NO. 197084)
flee@fenwick.com
Silicon Valley Center
801 California Street
Mountain View, California 94041
Phone: 650.988.8500
Fax: 650.938.5200

Attorneys for Defendants Immersion Corporation,
Victor A. Viegas, Clent Richardson, Stephen
Ambler and Daniel Chavez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN H. BUELL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR VIEGAS, STEPHEN AMBLER, RALPH EDWARD CLENTON RICHARDSON, DANIEL J. CHAVEZ and IMMERSION CORPORATION,<br><br>Defendants. | Case No.  3:09-cv-04561-CRB<br><br>**CLASS ACTION**<br><br>**STIPULATION EXTENDING TIME FOR ALL DEFENDANTS TO RESPOND TO COMPLAINT** |

1  WHEREAS, the above-captioned action, *Buell v. Immersion Corporation et al.*, filed on
2  September 28, 2009 ("*Buell*"), is alleged to be a class action asserting violations of the federal
3  securities laws against Defendants Immersion Corporation, Victor A. Viegas, Clent Richardson,
4  Stephen Ambler and Daniel Chavez (collectively, "Defendants");

5  WHEREAS, four additional actions alleging to be class actions asserting violations of the
6  federal securities laws against some or all Defendants have been filed in this Court:

7  *Hodges v. Immersion Corporation, et al.*, No. 3:09-cv-04073-MMC, filed on September 2, 2009 ("*Hodges*");
8  
9  *Posner v. Immersion Corporation, et al.*, Case No. 4:09-cv-04118-PJH, filed on September 4, 2009 ("*Posner*");

10  *Barrios v. Immersion Corporation, et al.*, Case No. 5:09-cv-04412-JW, filed on September 18, 2009 ("*Barrios*"); and
11  
12  *Benson v. Immersion Corporation, et al.*, Case No. 5:09-cv-04744-HRL, filed on October 5, 2009 ("*Benson*").

13  WHEREAS, the parties in *Buell* (the "Parties") believe that *Buell* and the four actions
14  listed directly above are "related cases" as defined in Northern District of California Civil Local
15  Rule ("Civil L.R.") 3-12(a) and several administrative motions (and responses thereto) regarding
16  such relation have been filed pursuant to Civil L.R. 3-12(b);

17  WHEREAS, the above-captioned action and the additional actions listed above are subject
18  to the requirements of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67,
19  109 Stat. 737 (1995) (the "Reform Act"), which sets forth specialized procedures for the
20  administration of securities class actions;

21  WHEREAS, the Reform Act provides for the appointment of a lead plaintiff to act on
22  behalf of the purported class, and further provides that the appointment of lead plaintiff shall not
23  be made until after a decision on a motion to consolidate is rendered (15 U.S.C. § 77u-4
24  (a)(3)(B)(ii));

25  WHEREAS, the Parties expect that *Hodges*, *Posner*, *Barrios*, *Buell* and *Benson* (and any
26  similar action filed after the date of this stipulation) will be related by the Court and that a motion
27  to consolidate and for appointment of a lead plaintiff and lead counsel will thereafter be filed;

28  //

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  WHEREAS, Defendants intend to file motions to dismiss the claims asserted against
2  them; and

3  WHEREAS, because the special procedures specified in the Reform Act contemplate (i)
4  the consolidation of similar actions, (ii) appointment of lead plaintiff, and (iii) the filing of a
5  single consolidated complaint by lead plaintiff and lead counsel to be appointed by the Court,
6  requiring Defendants to respond to the initial complaints in the above-referenced actions would
7  serve no purpose and would result in the needless expenditure of private and judicial resources;

8  IT IS ACCORDINGLY STIPULATED, pursuant to Civil L.R. 6-1(a), by and between the
9  undersigned counsel for the Parties, that the time for each Defendant to answer, move or
10 otherwise respond to the *Buell* complaint is extended until following the appointment of a lead
11 plaintiff and lead counsel and that, thereafter, the parties shall meet and confer and submit a
12 mutually agreeable schedule for the filing of a consolidated complaint (or designation of an
13 operative complaint), if necessary, as well as for the briefing and hearing of responses thereto.
14 The consolidated or operative complaint shall supersede all complaints filed in any action that is
15 consolidated herein.

16 Pursuant to General Order No. 45 Section X(B), all of the signatories concur in the filing
17 of this stipulation.

18 Dated: October 9, 2009         FENWICK & WEST LLP

20                                By:     /s/ *Jay L. Pomerantz*
                                           Jay L. Pomerantz

21                                Attorneys for Defendants Immersion
                                  Corporation, Victor A. Viegas, Clent
22                                Richardson, Stephen Ambler and Daniel Chavez

23 Dated: October 9, 2009         WOLF HALDENSTEIN ADLER
                                  FREEMAN & HERZ LLP
24

25                                By:     /s/ *Betsy C. Manifold*
                                           Betsy C. Manifold
26

27                                Attorneys for Plaintiff Steven H. Buell

28                                                                    25311/00400/DOCS/2130998.1

STIPULATION EXTENDING TIME FOR        2        CASE NO. 3:09-CV-04561-CRB
ALL DEFENDANTS TO RESPOND

*IT IS SO ORDERED*
*Judge Charles R. Breyer*